DAN A. CAMERON v. LUTHER MENDENHALL.[1]

June 4, 1900.

Nos. 12,168—(212).

**Street Railway—Collision with Fire Apparatus.**
> This case is identical in its facts with Warren v. Mendenhall, 77 Minn. 145; and upon the questions arising upon such facts, reviewed and settled in that case, the order of the trial court is affirmed.

**Assignments of Error.**
> Minor assignments of error considered, and *held* to be without merit.

Action in the district court for St. Louis county against defendant, as receiver of the Duluth Street Railway Company, to recover $5,200 damages for personal injuries. The case was tried before Ensign, J., and a jury, which rendered a verdict in favor of plaintiff for $600. From an order denying a motion for a new trial, defendant appealed. Affirmed.

[1] Reported in 83 N. W. 40.

*Greene & Wood,* for appellant.

*John Jenswold, Jr.,* for respondent.

LOVELY, J.

The unfortunate accident out of which this action arises is quite familiar in the city of Duluth, and is not new to this court. The collision occurred between one of defendant's electric street cars operated on Superior street, in that city, and the hook and ladder truck of the fire department running to a fire on September 7, 1898. Two firemen were killed, several others (among them, plaintiff) receiving injuries to a greater or less extent. Plaintiff recovered a, verdict. Upon a settled case a motion for a new trial was made and denied. From the order denying a new trial, defendant appeals to this court.

The facts in this case are identical in all respects with those which were considered by this court in Warren v. Mendenhall, 77 Minn. 145, 79 N. W. 661. In the case cited the action was brought by the driver of the truck; in this case, by the lieutenant, sitting on the seat of the truck, with the driver, and concurring with him in the direction of the team attached to the truck, upon the management of which by plaintiff and such driver the only doubtful question arose in the former decision, as will be seen by reference thereto. The usual issues in cases of collision, namely, the negligence of defendant, through its motorman operating the car, and the contributory negligence of the plaintiff and the driver of the truck, were directly passed upon in the previous case.

The record discloses no difference between the testimony on the trial of that case and that submitted for our review at this time, and it is conceded there is practically none; but it is urged that the suggestion of this court on the former decision, that the point on the contributory negligence of the driver was close, justifies a reconsideration of that question. We have examined the record, and carefully considered the previous decision of this court, and see no reason why it should not be followed in this case. While the question of the negligence of the driver of the truck was, upon the whole evidence, somewhat close, it was seriously considered, and by the unanimous judgment of this court in the former case it was held, as a proposition of law, sufficient to re-

quire a submission of that question to a jury. We see no reason why we should overrule that decision, upon facts which are similar in all respects, and upon the identical legal questions involved therein, which the trial court undoubtedly considered and followed in the submission of the case and in denying a new trial.

We have carefully examined the remaining assignments of error, and do not find that any of them are of sufficient merit to require specific notice, or to reverse the order of the trial court.

The order appealed from is affirmed.